**MORGAN, LEWIS & BOCKIUS LLP**
Claire M. Lesikar, WSBA No. 60406
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Email: claire.lesikar@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
Eric Meckley, *Pro Hac Vice*
One Market
Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Telephone: +1.415.442.1000
Email: eric.meckley@morganlewis.com

*Attorneys for Defendants X CORP.*

The Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARNAUD WEBER,<br><br>Plaintiff,<br><br>v.<br><br>X CORP. and JOHN/JANE DOES I-V,<br><br>Defendants. | Case No. 2:23-cv-00233-TOR<br><br>**DEFENDANT X CORP.'S MOTION TO COMPEL ARBITRATION**<br><br>December 14, 2023<br>Without Oral Argument |

DEFENDANT'S MOTION TO COMPEL ARBITRATION

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

DB2/ 46945190

## I.    INTRODUCTION

Defendant ("X Corp" or "Defendant") moves the Court to compel Plaintiff Arnaud Weber ("Plaintiff") to submit the claims alleged in his Complaint to binding arbitration under the parties' Dispute Resolution Agreement (the "DRA") and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*

Plaintiff is bound by an enforceable agreement that requires him to submit all employment-related claims to final and binding arbitration. *See* Wegman Decl., ¶ 5, Ex. A.  Because Plaintiff's claims are encompassed within the scope of his DRA, the Court should compel arbitration and dismiss this case.[1]

Defendant's Motion relies upon the declarations of Lauren Wegman and Eric Meckley, their respective exhibits, any reply briefing, and the records on file.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    Plaintiff Entered into a Binding DRA with Twitter.

On July 19, 2019, Plaintiff electronically signed the Dispute Resolution Agreement.  Wegman Decl., ¶ 5, Ex. A.  Plaintiff did not opt out of the DRA.  *Id.*, ¶ 6.  The DRA contains the following material terms:

- Introductory Paragraph.  The DRA contains bolded prefatory language stating that it "**is a contract and covers important issues relating to your rights**" and advising that employees are "**free to seek assistance from independent advisors of your choice…**"  *Id.* ¶ 5, Exh. A.

- Not a Condition of Employment.  The Introductory Paragraph also contains bolded language that states: "**You can choose to opt out of this Agreement – you have 30 days to opt out.**"  *Id.*  As a result, the DRA makes

---

[1] The FAA, 9 U.S.C. § 3, allows a court to stay an action pending arbitration, but a court may dismiss the action when all claims are compelled to arbitration and no apparent reason exists to stay the case. *See Horne v. Starbucks Corp.*, No. 2:16-cv-02727-MCE-CKD, 2017 WL 2813170 (E.D. Cal. June 29, 2017) (compelling arbitration and dismissing the action).

DEFENDANT'S MOTION TO COMPEL ARBITRATION - 1

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

DB2/ 46945190.

clear that "**[a]rbitration is not a mandatory condition of Employee's employment at the Company**." *Id.* § 8 (emphasis in original). The DRA specifies that an employee may opt out of the DRA by "submit[ting] a signed and dated statement on a 'Dispute Resolution Agreement Opt Out Form' ('Form') … within 30 days of the Employee's receipt of this Agreement." *Id.* If an employee does not timely opt out of the DRA within 30 days, "continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement…" *Id.*

- <u>Governing Law</u>. The DRA expressly states that it is "governed by the [FAA] and evidences a transaction involving commerce." *Id.* § 1.

- <u>Covered Claims</u>. The DRA states that it applies to "any dispute arising out of or related to Employee's employment with Twitter, Inc . . . ," including "all … state statutory and common law claims." *Id.*

- <u>Commitment to Arbitrate Claims</u>. The DRA states that it is "intended to apply to the resolution of disputes that otherwise would be resolved in a court of law" and "requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." *Id.*

- <u>Arbitration Before JAMS</u>. The DRA states that the "Employee and the Company agree to bring any claim in arbitration before Judicial Arbitration and Mediation Services ("JAMS"), pursuant to the then-current JAMS Rules."

**B.    Plaintiff's Demand Letter and the Present Lawsuit.**

On April 10, 2023, Plaintiff's counsel mailed a letter to Defendant's legal department requesting that the parties go to arbitration. *See* Complaint (ECF No. 1) at 4:14-17. Defendant did not respond to this letter. *Id.* Rather than simply commencing arbitration by submitting an arbitration demand directly to JAMS – as he was authorized to do under the JAMS Rules and the DRA – Plaintiff instead filed this lawsuit on August 17, 2023. Plaintiff's Complaint alleges the following

DEFENDANT'S MOTION TO COMPEL
ARBITRATION - 2
DB2/ 46945190

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

claims: (1) breach of contract, (2) promissory estoppel, (3) violation of RCW 49.48.010, and (4) violation of RCW 49.52.050. *See* Complaint (ECF No. 1) at 2:25-4:8.

### III. AUTHORITY AND ARGUMENT

**A. Plaintiff's Claims are Subject to a Mandatory Arbitration Agreement.**

1. *The FAA Governs the DRA.*

The DRA expressly incorporates the FAA and is subject to and governed by its terms.[2] *See* Wegman Decl., ¶ 5, Ex. A, § 1. The FAA "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Section 2 of the FAA guarantees that:

> A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

By its plain terms, Section 2 requires courts to place arbitration agreements "on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center*, 561 U.S. at 67; *see also Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see also Epic Systems Corp.*

---

[2] The FAA also applies because Defendant's business plainly "involve[es] commerce." *See* 9 U.S.C. § 2. Courts broadly construe the phrase "involving commerce" to cover any contract affecting interstate commerce to the full extent of Congress's Commerce Clause power. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (citing *Allied–Bruce Terminix Cos.*, 513 U.S., at 273–274, 115 S.Ct. 834).

DEFENDANT'S MOTION TO COMPEL
ARBITRATION - 3
DB2/ 46945190

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

*v. Lewis*, 138 S. Ct. 1612, 1632 (2018). Section 4, in turn, allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition for a district court order "directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA "leaves no room for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

        2.    *Plaintiff Should be Compelled to Arbitrate the Claims in his Complaint.*

When presented with a motion to compel arbitration, the Court need resolve only two inquiries: (1) whether there was a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *See, e.g.*, *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 406–07 (2003); *Wiese v. Cach, LLC*, 189 Wn. App. 466, 473–74 (2015) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627–28 (1985)); 9 U.S.C.A. §§ 2–3. "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (citation omitted).

Here, because the answer to both inquiries is plainly "yes," the Court should compel Plaintiff to arbitrate his individual claims.

        3.    *The DRA is a Valid Agreement to Arbitrate Under Washington Law.*

In determining the validity of an arbitration agreement, courts apply ordinary

DEFENDANT'S MOTION TO COMPEL
ARBITRATION - 4
DB2/ 46945190

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

state law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also* CW 7.04A.060(1) (under Washington Arbitration Act, arbitration agreements are "valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of contract"). The essential elements of a contract are subject matter, parties, promise, terms and conditions, and consideration. *Becker v. Washington State Univ.*, 165 Wn. App. 235, 246 (2011) (citation omitted). If the Court concludes that a valid contract exists, then it must leave it to the parties to pursue their dispute through arbitration. *See* 9 U.S.C. § 3. In determining whether a valid contract exists, Washington courts follow the objective manifestation test, under which the parties must objectively manifest their mutual assent and the terms assented to must be sufficiently definite. *Becker*, 165 Wn. App. at 246.

Here, the DRA manifests Plaintiff's and Defendant's mutual intent and agreement that Plaintiff arbitration all claims arising out of or related to his employment with Defendant. Plaintiff has conceded that his claims are subject to the DRA. *See* Complaint (ECF No. 1) at 4:14-17. The parties to the contract are clearly defined: Plaintiff and Twitter, Inc. or one of its affiliates, successor, subsidiaries or parent companies.[3] The mutual promise of the parties to be bound by the commitment to arbitrate claims is unambiguous and equally binding. Plaintiff's acceptance of the DRA is manifested by his signature. *Retail Clerks Health & Welfare Tr. Funds v. Shopland Supermarket, Inc.*, 96 Wn.2d 939, 944 (1982) (a voluntary signature on a contract establishes an objective manifestation of the intent to be bound).

---

[3] In March 2023, Twitter, Inc. merged with X Corp. and Twitter no longer exists. Wegman Decl., ¶ 1.

DEFENDANT'S MOTION TO COMPEL ARBITRATION - 5
DB2/ 46945190

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

Plaintiff's acceptance of Defendant's offer of employment with Defendant after he signed the DRA constitutes sufficient consideration. Generally, in Washington, contracts signed when an employee is first hired, such as arbitration clauses and confidentiality provisions, are supported by valid consideration. *EEOC v. Fry's Elecs., Inc.*, No. C10-1562 RSL, 2011 WL 666328, at *1 (W.D. Wash. Feb. 14, 2011) (citing *Labriola v. Pollard Grp., Inc.*, 152 Wn. 2d 828, 834 (2004)); *Sprinkle v. Gen. Dynamics Land Sys.*, No. C09-1672Z, 2010 WL 1330328, at *4 (W.D. Wash. Mar. 30, 2010) (citing *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 749–50 (9th Cir. 2003) ("An offer of employment may constitute consideration for a party's consent to subject his future employment related legal claims to arbitration.")).

### 4. *The DRA Encompasses the Claims Alleged in Plaintiff's Complaint.*

"[A]bsent some ambiguity in the agreement . . . it is the language of the contract that defines the scope of disputes subject to arbitration." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). In Washington, arbitration agreements are supported by public policy and valid and enforceable. *Harvey v. Univ. of Wash.*, 118 Wn. App. 315, 318, overruled on other grounds (2003). "[T]he agreement is construed in favor of arbitration unless the reviewing court is satisfied the agreement cannot be interpreted to cover a particular dispute." *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446, 456 (2002).

Plaintiff cannot dispute that the DRA covers his claims, as it expressly covers "any dispute arising out of or relating to [Plaintiff's] employment with [X Corp] . . . or termination of employment . . ." All of Plaintiff's claims arise out of alleged events that occurred during his employment.

DEFENDANT'S MOTION TO COMPEL
ARBITRATION - 6
DB2/ 46945190

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

     5.    *Defendant Has Not Waived Its Right to Compel Arbitration.*

Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 934 (9th Cir. 2011) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) ("Waiver of the right to arbitration is disfavored[;]" thus, "any party arguing waiver of arbitration bears a heavy burden of proof.") (citation and quotation marks omitted)).

The Ninth Circuit's test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right. *Hill v. Xerox Business Services, LLC*, 59 F.4th 457, 468 (2023). "A party generally acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023).

Here, Defendant has not taken any intentional acts inconsistent with the right to arbitrate. Defendant has not answered the Complaint; rather, Defendant has immediately moved to compel Plaintiff's claims to arbitration. Defendant has done nothing to take advantage of being in court. Defendant has not litigated the merits of this case at all, much less "for a prolonged period of time." Whether Defendant timely responded to Plaintiff's letter demanding arbitration has no

DEFENDANT'S MOTION TO COMPEL
ARBITRATION - 7
DB2/ 46945190

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

bearing on the question of waiver. For example, in *Morgan v. Avis Budget Group, Inc.*, No. 2:17–cv–00869–JAM–KJN, 2017 WL 3315368, *3 (E.D. Cal. Aug. 3, 2017), the Eastern District of California held that the defendant's failure to respond to the plaintiff's pre-litigation letter as specified in the arbitration agreement did not waive defendant's right to compel arbitration.

Here, Defendant's conduct was not inconsistent with the right to arbitration and did not prevent or impair Plaintiff from initiating arbitration, because the applicable JAMS Employment Arbitration Rules allow either party to commence arbitration unilaterally by submitting a claim directly to JAMS – the other party's consent or joint participation is not required to commence the arbitration. Meckley Decl. ¶¶ 2-3, Exh. A at Rule 5; Exh. B (template/form JAMS Arbitration Demand). Plaintiff was not forced to file his lawsuit, but instead could have – and should have – simply submitted a JAMS Arbitration Demand directly to JAMS and begun the arbitration process. *Id*.

## IV. CONCLUSION

The Court should compel arbitration of Plaintiff's claims and dismiss this case.

Dated: November 14, 2023

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Claire Lesikar*
Claire M. Lesikar, WSBA No. 60406
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Facsimile: +1.206.274.6401
Email: claire.lesikar@morganlewis.com

*Attorneys for Defendant X CORP.*

DEFENDANT'S MOTION TO COMPEL ARBITRATION - 8
DB2/ 46945190

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

*s/ Monica Brennan*
Monica Brennan, Legal Secretary

DEFENDANT'S MOTION TO COMPEL ARBITRATION

DB2/ 46945190.

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Ave., Suite 2800
Seattle, WA 98101
+1.206.274.6400