THE HONORABLE THOMAS O. RICE

Michael C. Subit
Ellicott K. Dandy
Frank Freed Subit & Thomas LLP
705 2nd Avenue, Suite 1200
Seattle, WA 98104
Ph: (206) 682-6711

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

ARNAUD WEBER,

    Plaintiff,

v.

X CORP., ELON MUSK, LINDA YACCARINO, and DOES III-V,

    Defendants.

Case No. 2-23-cv-00233-TOR

**AMENDED COMPLAINT**

## I.    NATURE OF ACTION

1.1    Arnaud Weber, former Vice-President of Engineering for Twitter, brings this action against Twitter's corporate successor, X Corp., for breach of contract, promissory estoppel, failure to pay wages due, and willful withholding of wages. The Company has refused to pay Weber the second $375,000 installment of his 2022 cash award. He also brings claims for willful withholding

AMENDED COMPLAINT- 1
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

of wages against Elon Musk, X Corp.'s former Chief Executive Officer and current Chairman/Chief Technology Officer, Linda Yaccarino, X Corp.'s current Chief Executive Officer, and other presently unknown individual officers, vice-principals, and/or managing agents of the Company who had and/or have authority over the payment of wages.

## II.    JURISDICTION AND VENUE

2.1    This court has jurisdiction by virtue of 28 U.S.C. § 1332(a)(2). Weber and the named defendants are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. On information and belief, none of the Doe Defendants are citizens of Washington.

2.2    Venue properly lies in this court by virtue of 28 U.S.C. § 1391(b)(2). At all times material to this action, Weber was employed by Twitter in this judicial district.

## III.    PARTIES

3.1    Plaintiff Weber is the former Vice-President of Engineering, Consumer, for Twitter. Weber is a citizen of Washington.

3.2    Defendant X Corp. is the corporate successor to Twitter. X Corp. is a Nevada corporation with its principal place of business in California. X Corp. is an employer within the meaning of RCW 49.48 and RCW 49.52.

3.3    Defendant Elon Musk is the former Chief Executive Officer of X Corp./Twitter and, on information and belief, the current Chairman and Chief Technology Officer of X Corp. At all times relevant to this complaint, Defendant Musk was an officer, vice-principal, and/or managing agent with authority over the payment of wages with respect to Twitter/X Corp. On information and belief, defendant Musk is a citizen of Texas.

AMENDED COMPLAINT- 2
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

3.4 Defendant Linda Yaccarino is the Chief Executive Officer of X Corp. At all times relevant to this complaint, defendant Yaccarino was an officer, vice-principal, and/or managing agent with authority over the payment of wages with respect to Twitter/X Corp. On information and belief, defendant Yaccarino is a citizen of New York.

3.5 Defendants John/Jane Does III-V are/were officers, vice-principals, and/or managing agents of Twitter and/or defendant X Corp. with authority over the payment of wages. The identities of Defendants John/Jane Does III-V are not known to Weber at this time, and he names them as placeholders for these unidentified defendants. Upon discovery of the identities of the Doe Defendants, Weber will seek to amend his complaint to substitute the Doe Defendants with their true identities.

## IV.    FACTS

4.1 Weber began employment with Twitter in 2019. His original position was Vice-President of Ads Engineering.

4.2 On February 8, 2022, Weber was given the position of Vice-President of Engineering, Consumer, with a base compensation of $420,000.

4.3 On April 25, 2022, Twitter entered into an Agreement and Plan of Merger with X Holdings I, Inc., its subsidiary, X Holdings II, and Elon R. Musk.

4.4 On July 1, 2022, Twitter offered Weber in writing "a one-time cash award of $1,500,000" effective that date but payable in four equal installments, provided Weber remained continuously employed through each payment date. The cash bonus was "an effort to show our appreciation for your contributions and impact on Twitter and your dedication to Twitter's success now and beyond…."

4.5 Weber accepted the July 1, 2022, cash award offer on August 23, 2022.

AMENDED COMPLAINT- 3
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

4.6    On October 1, 2022, Weber received the first $375,000 installment of the 2022 cash award.

4.7    The merger referenced in paragraph 4.3 above closed on October 27, 2022.

4.8    On December 9, 2022, Weber received an email from Twitter HR stating:

> We are reaching out to you regarding a one-time retention award you were awarded between April 25, 2022 (the "Merger Agreement" date) and October 27, 2022 (the "Closing" date).
>
> All retention awards made between the Merger Agreement and Closing dates, [*sic*] required consent of the buyer. As Twitter is now a private company and under new management, all retention awards are being reviewed for compliance. Accordingly, payments from any such awards are being paused pending review.
>
> Once we have more to share, we will update you.

4.9    Payment of the second installment of Weber's 2022 cash award was due on January 1, 2023, and Weber had been continuously employed by Twitter through that date.

4.10    Weber's employment with Twitter was terminated on January 4, 2023.

4.11    Weber has never been paid the $375,000 second installment of his 2022, award.

4.12    On March 8, 2023, Weber transmitted by certified mail a demand letter from undersigned counsel to then-Twitter Chief Executive Officer Elon Musk. The letter informed Musk of Weber's claims for unpaid wages respecting

AMENDED COMPLAINT- 4
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

the $375,000 second installment of the 2022 cash award. Musk never responded to the March 8, 2023, letter.

4.13   On April 10, 2023, Weber submitted to Twitter's Legal Department by certified mail a demand drafted by undersigned counsel pursuant to Paragraph 4 of his July 19, 2019, Dispute Resolution Agreement for arbitration of his unpaid wage claims respecting the $375,000 second installment of the 2022 cash award. Twitter has never responded to Weber's demand for arbitration.

4.14   On June 8, 2023, Weber transmitted by certified mail a demand letter from undersigned counsel to Twitter Chief Executive Officer Linda Yaccarino. The letter informed Yaccarino of Weber's claims for unpaid wages respecting the $375,000 second installment of the 2022 cash award. Yaccarino never responded to the June 8, 2023, letter.

## V.   FIRST CAUSE OF ACTION: BREACH OF CONTRACT
## (DEFENDANT X Corp.)

5.1   Plaintiff incorporates paragraphs 1.1-4.14 as if set forth herein.

5.2   The July 1, 2022, cash award offer, accepted by Weber on August 23, 2022, constitutes a binding and enforceable contract.

5.3   Twitter/defendant X Corp. breached the terms of the 2022 cash award contract between Twitter and Weber by failing to pay Weber the second $375,000 installment of that contract.

5.4   As a direct and proximate result of Twitter/defendant X Corp.'s breach of contract, Weber has been damaged in an amount no less than $375,000.

## VI.   SECOND CAUSE OF ACTION: PROMISSORY ESTOPPEL
## (DEFENDANT X Corp.)

6.1   Plaintiff incorporates paragraphs 1.1-4.14 as if set forth herein.

6.2   Twitter's July 1, 2022, cash award offer to Weber constituted a promise that Twitter should have reasonably expected Weber would rely on: a

AMENDED COMPLAINT- 5
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

promise that he would receive each of the installments of the cash award, provided he had been continuously employed by Twitter when each of the installments became due.

6.3    Weber actually and justifiably relied on that promise by deciding to stay employed with Twitter until his termination date on January 4, 2023, instead of resigning his employment earlier.

6.4    Weber fully performed his obligations under the 2022 cash award agreement with respect to the January 1, 2023, installment of that cash award. Injustice can be avoided only by enforcing Twitter's promise to pay Weber the January 1, 2023, installment of the 2022 cash award against defendant X Corp.

6.5    As a direct and proximate result of Weber's reliance on Twitter's promise regarding the 2022 cash award, Weber has been damaged in an amount no less than $375,000.

## VI.    THIRD CAUSE OF ACTION: VIOLATION OF RCW 49.48.010
### (DEFENDANT X Corp.)

7.1    Plaintiff incorporates paragraphs 1.1-4.14 as if set forth herein.

7.2    RCW 49.48.010 requires an employer to pay all wages due to a terminated employee by the end of the next established pay period.

7.3    The next established pay period following the termination of Weber's employment at Twitter was in January 2023.

7.4    The payments due to Weber under 2022 cash award constitute wages within the meaning of RCW 49.48.010.

7.5    Twitter/defendant X Corp.'s failure to provide Weber with the second installment of the 2022 cash award violated RCW 49.48.010.

7.6    As a direct and proximate result of Twitter/defendant X. Corp.'s violation of RCW 49.48.010, Weber has been damaged in an amount no less than $375,000.

AMENDED COMPLAINT- 6
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## VIII.  FOURTH CAUSE OF ACTION: VIOLATION OF RCW 49.52.050

8.1    Plaintiff incorporates paragraphs 1.1-4.14 as if set forth herein.

8.2    RCW 49.52.050 prohibits any employer, officer, vice-principal, or managing agent from willfully withholding wages due to any employee.

8.3    The payments due to Weber constitute wages within the meaning of RCW 49.52.050.

8.4    Defendants Musk, Yaccarino, and Does III-V are or were officers, vice-principals, and/or managing agents of defendant X Corp. and/or Twitter within the meaning of RCW 49.52.050, who had authority over the payment of the wages due Weber.

8.5    Defendants' willful withholding of the wages due to Weber constitutes a violation of RCW 49.52.050.

8.6    RCW 49.52.070 provides that the remedy for a violation of RCW 49.52.050 is payment of twice the wages wrongfully withheld as exemplary damages.

8.7    As a direct and proximate result of defendants' violations of RCW 49.52.050, Weber is entitled to exemplary damages of no less than $750,000.

## IX.  PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that the Court enter a judgment against Defendants awarding him:

1.    Lost wages in an amount no less than $375,000;

2.    Double damages pursuant to RCW 49.52.070;

3.    Pre-judgment interest;

4.    Attorneys' fees and costs; and

5.    Such other and further relief as this Court deems just and proper.

AMENDED COMPLAINT- 7
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## X. **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 27th day of November 2023.

> FRANK FREED SUBIT & THOMAS LLP
>
> By: /s/Michael C. Subit
> Michael C. Subit, WSBA No. 29189
> Ellicott K. Dandy, WSBA No. 57279
> 705 Second Avenue, Suite 1200
> Seattle, Washington 98104
> Phone: (206) 682-6711
> Fax: (206) 682-0401
> Email: msubit@frankfreed.com
> Email: edandy@frankfreed.com
>
> *Attorneys for Plaintiff Arnaud Weber*

AMENDED COMPLAINT- 8
Case No. 2-23-cv-00233-TOR

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711