# EXHIBIT B



April 10, 2023

705 Second Avenue, Suite 1200
Seattle, Washington 98104-1798
P: 206-682-6711
F: 206-682-0401

*Sent by First Class Certified Mail*

Legal Department
TWITTER
1355 Market Street, Suite 900
San Francisco, CA 94103

Michael C. Subit
msubit@frankfreed.com

Re:    **ARNAUD WEBER DEMAND FOR ARBITRATION**

     Pursuant to paragraph 4 of his July 19, 2019, Dispute Resolution Agreement, Attachment 1, former Twitter Vice-President of Engineering Arnaud Weber demands arbitration with respect to Twitter's refusal to pay the second $375,000 installment of his July 1, 2022, cash award.

     On July 1, 2022, Twitter offered Mr. Weber "a one-time cash award of $1,500,000" effective that date but payable in four equal installments provided Mr. Weber remained continuously employed through each payment date. Attachment 2. The cash bonus was "an effort to show our appreciation for your contributions and impact on Twitter and your dedication to Twitter's success now and beyond…." *Id.* Mr. Weber accepted the offer on August 23. *Id.*

     On October 1, 2022, Mr. Weber received the first $375,000 installment of the $1,500,000 cash award. Payment of the second installment of Mr. Weber's cash award was due on January 1, 2023, as Mr. Weber had been continuously employed by Twitter through that date. See Attachment 2. Twitter did not pay the installment. Mr. Weber's employment was terminated on January 4, 2023. Twitter has still not paid the $375,000 due to Mr. Weber on January 1, 2023.

     Twitter is in breach of the July 1, 2022, cash award agreement with Mr. Weber. Mr. Weber brings claims against Twitter for breach of contract and violation of the duty of good faith and fair dealing. In the alternative, Mr. Weber brings a claim for promissory estoppel against Twitter with respect to the July 1, 2022, cash award agreement.

     Mr. Weber additionally brings a claim against Twitter for violation of RCW 49.48.010. RCW 49.48.010(2) requires all wages due to a discharged employee be paid no later than the end of the next established pay period. That deadline has come and gone.

     Furthermore, an employer's refusal to pay compensation due in accordance with the terms of an employment agreement constitutes willful withholding of wages within the meaning of RCW 49.52.070. Mr. Weber also brings a claim against Twitter for violation of RCW 49.52.070. An individual corporate officer, vice-principal, or managing agent faces personal liability under RCW 49.52 for the willful withholding of wages. Mr. Weber demands arbitration against the individuals who willfully withheld his wages under RCW 49.52.070. RCW 49.52.070 provides for an award of exemplary damages comprising double the wages withheld.

Legal Department
TWITTER
April 10, 2023
Page 2

Mr. Weber seeks the following remedies:

1. payment of the $375,000 January 1, 2023, cash award
2. prejudgment interest at 12% per annum from January 1, 2023, to the date of payment
3. double damages and
4. attorneys' fees and costs pursuant to RCW 49.48.030 and RCW 49.52.070.

        Sincerely,

        Michael C. Subit

MCS/JG
Enclosures:   Attachments 1-2

cc:   Client