**MORGAN, LEWIS & BOCKIUS LLP**
Claire M. Lesikar, WSBA No. 60406
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: +1.206.274.6400
Email: claire.lesikar@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
Eric Meckley, *Pro Hac Vice*
One Market
Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Telephone: +1.415.442.1000
Email: eric.meckley@morganlewis.com

*Attorneys for Defendants X CORP.*

The Honorable Thomas O. Rice

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARNAUD WEBER,<br><br>    Plaintiff,<br><br>v.<br><br>X CORP. and JOHN/JANE DOES I-V,<br><br>    Defendants. | Case No. 2:23-cv-00233-TOR<br><br>**DEFENDANT X CORP.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**<br><br>December 22, 2023<br>Without Oral Argument |

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 1

II. AUTHORITY AND ARGUMENT ............................................................ 1

    A. X Corp. Did Not Breach the DRA. ................................................. 1

    B. X Corp. Did Not Waive Its Rights Under the DRA ......................... 3

    C. The Court Should Stay This Action Pending Arbitration. ............... 4

    D. The Court Should Deny Plaintiff's Request for an Order Requiring Compliance with "JAMS Rulings and Interpretations." ................................................................................ 7

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - i

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Michaels Stores, Inc.*
   59 F.4th 1011 (9th Cir. Feb. 13, 2023) ................................................................3

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) ............................................................................................4

*Brown v. Dillard's, Inc.*
   430 F.3d 1004 (9th Cir. 2005) .........................................................................2, 3

*Burgess v. Lithia Motors, Inc.*,
   471 P.3d 201 (Wash. 2020) .................................................................................4

*Chamber of Com. of the United States of Am. v. Bonta*,
   62 F.4th 473 (9th Cir. 2023) ................................................................................8

*Chamber of Com. of United States v. Bonta*,
   13 F.4th 766 (9th Cir. 2021) ................................................................................8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) .............................................................................9

*Cutter & Buck, Inc. v. Genesis Ins. Co.*,
   306 F. Supp. 2d 988 (W.D. Wash. 2004) ..........................................................10

*Epic Sys. Corp. v. Lewis*,
   138 S. Ct. 1612 (2018) ........................................................................................8

*Fagerstrom v. Amazon.com, Inc.*,
   141 F. Supp. 3d 1051 (S.D. Cal. 2015) ...............................................................9

*GRB v. City of Spokane*,
   Case No. 2:18-CV-264-RMP, 2019 WL 289812 (E.D. Wash. Jan.
   22, 2019) .............................................................................................................8

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - ii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Hill v. G.E. Power Sys., Inc.*,
  282 F.3d 343 (5th Cir. 2002) ...................................................................................6

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) .................................................................................5

*Mohamed v. Uber Techs., Inc.*,
  848 F.3d 1201 (9th Cir. 2016) ...............................................................................10

*Morrie Mages and Shirlee Mages Foundation v. Thrifty Corp.*,
  916 F.2d 402 (7th Cir. 1990) ...................................................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) .....................................................................................................5

*Rosen v. Ascentry Techns., Inc.*
  177 P.3d 765 (Wash. Ct. App. 2008) ...................................................................2, 3

*Selman v. FCB Worldwide Inc.*,
  No. B168315, 2004 WL 2729656 (Cal. Ct. App. Dec. 1, 2004)
  (unpublished) ..........................................................................................................10

*Simeon v. Domino's Pizza LLC*,
  No. 17-cv-5550, 2019 WL 7882143 (E.D.N.Y. Feb. 6, 2019) ...............................10

*SVN Cornerstone LLC v. N. 807 Inc.*,
  199 Wash. App. 1010, 2017 WL 2259054 (2017) ...................................................7

*Tauriello v. Twp. of Edison*,
  288 F. App'x 825 (3d Cir. 2008) ..............................................................................3

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*,
  46 F. App'x 412 (9th Cir. 2002) ..............................................................................4

*Wagner v. Stratton Oakmont, Inc.*,
  83 F.3d 1046 (9th Cir. 1996) ...................................................................................4

*Welding Eng'rs Ltd. v. NFM/Welding Eng'rs, Inc.*,
  No. 21-1372, 2022 WL 7352206 (3d Cir. Oct. 13, 2022) ......................................10

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - iii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Wiseley v. Amazon.com, Inc.*,
　709 F. App'x 862 (9th Cir. 2017)......................................................................9

**Statutes**

FAA § 3............................................................................................................4, 6

Wash. Rev. Code Ann. § 7.04A.070....................................................................6

Washington's Uniform Arbitration Act...............................................................6

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - iv

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I. INTRODUCTION

Plaintiff Arnaud Weber ("Plaintiff") does not contest that the Dispute Resolution Agreement ("DRA") he entered into with Defendant X Corp. ("X Corp") is a valid contract. Instead, Plaintiff argues that X Corp.'s delay in responding to his pre-litigation correspondence breached the DRA and/or waived X Corp.'s right to compel arbitration. However, he cites no applicable case law to support this argument. In addition, nothing in the DRA required X Corp. to respond to pre-litigation correspondence, much less within any specific period of time. As a result, no legitimate grounds exist for the Court to find that X Corp. breached or waived the DRA. As a result, the Court should grant X Corp.'s Motion and compel Plaintiff to arbitrate his claims against X Corp. and stay the claims against individual defendants Elon Musk and Linda Yaccarino pending the outcome of the arbitration.

## II. AUTHORITY AND ARGUMENT

### A. X Corp. Did Not Breach the DRA.

Plaintiff demanded that X Corp. respond to his pre-litigation letter regarding arbitration within a certain time period. X Corp. did not respond by Plaintiff's unilaterally set deadline. Plaintiff fails to explain how or why X Corp. simply not responding by his unilateral deadline constituted a "refusal" to arbitrate. It is undisputed that X Corp. never refused to arbitrate. X Corp. never took the position that Plaintiff's claims were not arbitrable or that X Corp. would not arbitrate his

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

claims. Plaintiff simply argues that X Corp.'s delay in responding to his letters must mean that X Corp. "refused" to arbitrate. However, nothing in the DRA requires X Corp. to respond to an arbitration demand within any set period. ECF No. 12 at 11. Furthermore, Plaintiff never filed his demand for arbitration with JAMS, as he easily could have done. Had he done so, then X Corp. would have participated and proceeded with initiating the arbitration.

None of the cases that Plaintiff cites in his Opposition support a finding of breach under the circumstances here. First, in *Brown v. Dillard's, Inc.* 430 F.3d 1004, 1009 (9th Cir. 2005), the Ninth Circuit held that Dillard's breached its arbitration agreement when it expressly told the plaintiff that the complaint had no merit and that Dillard's would absolutely refuse to arbitrate. Dillard's affirmatively and expressly refused to arbitrate, which X Corp. *never* did in the present case. Second, in *Rosen v. Ascentry Techns., Inc.* 177 P.3d 765 (Wash. Ct. App. 2008), the issue involved the alleged breach of a *settlement agreement*, not an arbitration agreement. In *Rosen*, the court determined that the employer breached a settlement agreement when it did not pay the plaintiff within the period specified in the agreement. *Id.* at 368–69.

Here, in contrast, the DRA contained no deadline for a response to a request

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

for arbitration. *Dillard's* and *Rosen* are simply inapposite.[1]

### B.  X Corp. Did Not Waive Its Rights Under the DRA.

In arguing that X Corp. waived its right to compel arbitration, Plaintiff cites cases that demonstrate why no waiver may be found here. For example, in *Armstrong v. Michaels Stores, Inc.* 59 F.4th 1011, 1015 (9th Cir. Feb. 13, 2023), the Ninth Circuit concluded that the employer did *not* waive its right to arbitrate. Though the parties agreed that the employer knew of its right to arbitrate the dispute (prong 1), the court considered the "totality of the parties' actions" (prong 2) and found that the employer: (1) did not make an intentional decision not to move to compel arbitration, and (2) did not actively litigate the merits of the case for a prolonged period to take advantage of being in court. *Id.* Here, no evidence exists that X Corp. made an "intentional decision" not to arbitrate. Rather, Plaintiff can only argue that X Corp. did not respond within the timeframe that he *unilaterally set and demanded for a response* to his letters to Elon Musk and the CEO Linda Yaccarino, both of whom are

---

[1] Plaintiff has failed to show how a delay in responding constitutes any breach, let alone a "material" breach that would void the DRA. *See, e.g., Tauriello v. Twp. of Edison*, 288 F. App'x 825, 828 (3d Cir. 2008) ("[I]n the case of a non-material breach, the termination option is not open to the non-breacher.").

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

unquestionably extremely busy executives, and generically to the "Legal Department." At most, Plaintiff could show inadvertent delay, which is a far cry from an "intentional decision" to refuse to arbitrate. Second, as soon as Plaintiff filed his lawsuit, X Corp. immediately moved to compel arbitration. X Corp. did nothing to litigate the merits of the case in court. As a result, the totality of the circumstances fails to support waiver in this case.

### C. The Court Should Stay This Action Pending Arbitration.

Section 3 of the FAA requires courts to stay the proceedings where the issues being litigated are subject to an agreement to arbitrate. *Burgess v. Lithia Motors, Inc.*, 471 P.3d 201, 204 (Wash. 2020); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (same); *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048, 1051 (9th Cir. 1996) (holding that the FAA "requires a court to stay an action whenever the parties to the action have agreed in writing to submit their claims to arbitration" and requiring the remaining non-arbitrable claims in an action be stayed "until such arbitration has been had"). A stay is "appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *See United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n.23 (1983) (explaining it is "advisable to stay

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

litigation among the non-arbitrating parties pending the outcome of the arbitration"); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (identifying factors affecting stay, including "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law").

Since the date X Corp. filed its Motion to Compel, Plaintiff amended the Complaint to name Musk and Yaccarino as individual defendants. Yet, neither of them is a party to or bound by the DRA. The Court should stay the claims against them pending the outcome of Plaintiff's arbitration because a stay will avoid wasting judicial resources and unnecessary litigation as a complete overlap exists between the factual allegations relevant to Plaintiff's arbitrable claims against X Corp. and those relevant to his derivative and duplicative claims against Musk and Yaccarino. Plaintiff has not alleged any unique or standalone claims against Musk and Yaccarino; rather, the claims alleged against these individuals are identical to the claims against X Corp. As a result, a stay is necessary to eliminate the risk of inconsistent factual findings and judgments if this action and the arbitration were to proceed simultaneously. *See, e.g.*, *Lockyer*, 398 F.3d at 11110 (sustaining district court's stay of "entire suit pending arbitration, not limited to the counts subject to arbitration [because] arbitrable and non-arbitrable counts in the complaint overlapped a great deal both factually and legally"); *see also Hill v. G.E. Power Sys., Inc.*, 282 F.3d 343,

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

347-48 (5th Cir. 2002) (finding claims against signatory party were inseparable from claims against non-signatory and denial of stay would "undermine the arbitration proceedings . . . thereby thwarting the federal policy in favor of arbitration"); *Morrie Mages and Shirlee Mages Foundation v. Thrifty Corp.*, 916 F.2d 402 (7th Cir. 1990) (court applied FAA § 3 to a nonsignatory concluding that if litigation concerns an issue that is referable to arbitration, then court must stay the action pending the outcome of arbitration).

Ordering a stay in this case will not prejudice or damage Plaintiff, as he will be able to prosecute his substantive claims in arbitration and stands to benefit from a stay because he will save significant time and costs by avoiding duplicative proceedings in two venues on the very same claims. Principles of comity clearly weigh in favor of staying the entire action.[2]

---

[2] The DAR is governed by the FAA, but even analyzing this issue under Washington law yields the same result. *See* Wash. Rev. Code Ann. § 7.04A.070 ("If a party files a motion with the court to order arbitration under this section, the court shall on just terms stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section."). In Washington, "a court may not issue a blanket refusal to compel arbitration merely"

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### D. The Court Should Deny Plaintiff's Request for an Order Requiring Compliance with "JAMS Rulings and Interpretations."

Plaintiff argues that the Court should go beyond a straightforward order compelling arbitration consistent with the FAA, and instead order X Corp. to comply with "JAMS's rulings on and interpretations of its own rules," which is an entirely ambiguous phrase that Plaintiff purposefully does not explain or elaborate upon. Plaintiff's argument lacks merit for the following reasons:

First, Plaintiff fails to provide any admissible evidence to support his claim that X Corp. is not complying with the terms of the DRA. Instead, what he presents as "facts" are nothing but mere allegations from an unverified complaint filed by another disgruntled former employee and a letter purportedly from JAMS. *See* Opp. 10:16-24, referring to 3:14-26. While a district court may take judicial notice of another court's proceedings, it may not do so "'for the truth of the facts recited therein . . . .'" *GRB v. City of Spokane*, Case No. 2:18-CV-264-RMP, 2019 WL 289812, *2 (E.D. Wash. Jan. 22, 2019). Yet, that is exactly what Plaintiff is requesting that the Court do here —accept as true the allegations in Exhibit D and E to the Subit Declaration.

---

because some of the claims arising out of the same "transaction or occurrence" do not fall within the scope of the arbitration agreement. *SVN Cornerstone LLC v. N. 807 Inc.*, 199 Wash. App. 1010, 2017 WL 2259054 at *6 (2017).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

X Corp. disputes the allegations in the unverified complaint, none of which are relevant to the claims here, and Plaintiff's counsel failed to authenticate the JAMS letter. As a result, Defendant objects to the Court taking judicial notice of either document, and the Court should not accept as true any of the statements in either Exhibit D and E to the Subit Declaration.

Second, the DRA is governed by the FAA, which requires courts to "enforce arbitration agreements according to their terms . . . .'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). "'The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms.'" *Chamber of Com. of United States v. Bonta*, 13 F.4th 766, 775 (9th Cir. 2021), reh'g granted, opinion withdrawn, 45 F.4th 1113 (9th Cir. 2022), and on reh'g sub nom. *Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473 (9th Cir. 2023) (internal citation omitted).

Courts may not impose additional terms or conditions when ordering parties to arbitration. "The [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Once a court has determined that "a claim in litigation is covered by a written and enforceable

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

arbitration agreement . . . the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Fagerstrom v. Amazon.com, Inc.*, 141 F. Supp. 3d 1051, 1059 (S.D. Cal. 2015), aff'd sub nom. *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862 (9th Cir. 2017) (internal citation omitted) (emphasis in original).

Here, the DRA states that arbitration will be conducted pursuant to JAMS Rules. Although Plaintiff does not argue that JAMS' Minimum Standards should apply here (and, in failing to do so, waives such argument), he attaches an unauthenticated letter from JAMS stating the Minimum Standards would apply in another matter. As the DRA makes clear, however, Twitter agreed to arbitrate under the JAMS Rules. It did not agree to arbitrate under the JAMS Minimum Standards, which are policies that exist separate and distinct from the JAMS Rules and are inapplicable here for multiple reasons. Notably, the JAMS Minimum Standards apply only to arbitration provisions "required as a condition of employment." That does not describe the DRA here, which states in bolded text: "**Arbitration is not a mandatory condition of Employee's employment at the Company**." DRA § 8. The DRA expressly allowed Plaintiff thirty (30) days "to opt out and not be subject to this Agreement." Under well-settled Ninth Circuit law, arbitration agreements with opt-out provisions are not mandatory conditions of employment. *See, e.g., Mohamed v.*

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016); *see also Simeon v. Domino's Pizza LLC*, No. 17-cv-5550, 2019 WL 7882143, at *5 (E.D.N.Y. Feb. 6, 2019). The Minimum Standards are thus inapplicable by their own terms.

The implication that JAMS Minimum Standards should apply here also would negate the DRA's fees provision, which requires Twitter to pay all fees only where required "under applicable law." DRA § 6. "If under applicable law [Twitter] is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law." *Id*. Were the DRA governed by the Minimum Standards, this provision would be superfluous and its mandate that fees be apportioned where permitted by law would never apply; the Minimum Standards would always control and require Twitter to pay all the fees. The Court should reject any effort to render this material provision meaningless. *See, e.g., Welding Eng'rs Ltd. v. NFM/Welding Eng'rs, Inc.*, No. 21-1372, 2022 WL 7352206, at *3 (3d Cir. Oct. 13, 2022); *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988, 1011-12 (W.D. Wash. 2004), aff'd, 144 F. App'x 600 (9th Cir. 2005).

Here, X Corp. has moved to compel arbitration pursuant to the terms of the DRA, nothing more and nothing less. The Court's Order compelling arbitration should do the same.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

| | |
|---|---|
| Dated: December 15, 2023 | **MORGAN, LEWIS & BOCKIUS LLP** |
| | By: *s/ Claire Lesikar* |
| | Claire M. Lesikar, WSBA No. 60406 |
| | 1301 Second Avenue, Suite 2800 |
| | Seattle, WA 98101 |
| | Telephone: +1.206.274.6400 |
| | Email: claire.lesikar@morganlewis.com |
| | |
| | Eric Meckley, *Pro Hac Vice* |
| | One Market |
| | Spear Street Tower, 28th Floor |
| | San Francisco, CA 94105-1596 |
| | Telephone: +1.415.442.1000 |
| | Email: eric.meckley@morganlewis.com |
| | |
| | *ATTORNEYS FOR DEFENDANTS X CORP.* |

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION - 11

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

*s/ Trang La*
Trang La, Legal Secretary

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401